NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3067

TIMOTHY BRAUN,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  August 10, 2006
_____

Before MAYER, RADER, and LINN, Circuit Judges.

PER CURIAM.

Timothy Braun appeals the final decision of the Merit Systems Protection Board, which upheld its initial decision affirming the Department of the Navy's removal of Braun from federal employment.  Braun v. Dep't of the Navy, SF0752050100-I-1 (MSPB Sept. 21, 2005).  We affirm.

We may only reverse a board's decision if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial

evidence.  <u>See</u> 5 U.S.C. § 7703(c).  "[A]n evaluation of witness credibility is within the discretion of the Board [and is] 'virtually unreviewable' on appeal."  <u>King v. Dep't of Health & Human Servs.</u>, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (citation omitted).  We "will not disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all the factors."  <u>Mings v. Dep't of Justice</u>, 813 F.2d 384, 390 (Fed. Cir. 1987).

Substantial evidence supports the board's findings, regardless of Braun's claim that some evidence weighs against them.  Braun's testimony itself provides substantial evidence supporting the May 26, 2004 charges.  Substantial evidence, such as Siron and Thomas' testimony, also supports the board's finding that Braun charged excessive labor hours.  Nothing about the board's credibility determinations suggests that the deference normally granted to such decisions should be stripped away; they did not amount to an abuse of discretion and there is no sound reason to disturb them.  Finally, the penalty the agency selected (i.e., removal) was not unwarranted.